Carolyn Hunt Cottrell (SBN 166977)
Ori Edelstein (SBN 268145)
Andrew Weaver (SBN 318935)
Philippe M. Gaudard (SBN 331744)
**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100; Fax: (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
aweaver@schneiderwallace.com
pgaudard@schneiderwallace.com

*Attorneys for Plaintiff,*
*on behalf of the putative Class*

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN FLORES, on behalf of the Class and Class Members, | Case No. |
| *Plaintiff,* | **CLASS ACTION COMPLAINT FOR VIOLATIONS OF:** |
| vs. | |
| POINT PICKUP TECHNOLOGIES, INC.; POINT PICKUP ENTERPRISES, INC. | |
| *Defendants.* | |

1. **Unlawful Business Practices (Cal. Bus. & Prof. Code §§ 17200, *et seq.*) for Willful Misclassification (Cal. Lab. Code § 226.8);**

2. **Unlawful Business Practices (Cal. Bus. & Prof. Code §§ 17200 *et seq.*) for Failure to Pay All Gratuities Owed (Cal. Lab. Code § 351);**

3. **Intentional Interference with Advantageous Relations;**

4. **Conversion;**

5. **Unjust Enrichment;**

6. **Failure to Properly Compensate for Rest and Recovery Periods and Other Non-Productive Time (Cal. Lab. Code § 226.2);**

7. **Failure to Pay for All Hours Worked (Cal. Lab. Code § 204)**

8. **Failure to Pay Minimum Wage for All Hours Worked (Cal. Lab. Code §§ 204, 1194, 1197 and 1198);**

9. **Failure to Pay Overtime and/or Double Time Wages (Cal. Lab. Code § 510);**

10. **Failure to Authorize and Permit and/or Make Available Meal and Rest Periods (Cal. Lab. Code § 226.7 and 512);**

11. **Failure to Reimburse Business Expenditures (Cal. Lab. Code § 2802);**

12. **Failure to Provide Timely and Accurate Itemized Wage Statements (Cal. Lab. Code § 226); and**

13. **Unlawful Business Practices (Cal. Bus. & Prof. Code §§ 17200, *et seq.*).**

**DEMAND FOR JURY TRIAL**

## **INTRODUCTION**

1.     Plaintiff Jean Flores ("Plaintiff"), individually and on behalf of all others similarly situated individuals ("Class Members"), brings this class action against Defendants Point Pickup Technologies, Inc. ("Point Pickup Technologies") and Point Pickup Enterprises, Inc. ("Point Pickup Enterprises") (collectively "Defendants") for violations of California wages and hour laws.

2.     This action stems from Defendants' policies and practices of: (1) misclassifying Plaintiff and Class Members as independent contractors instead of employees; (2) failing to remit to Plaintiff and Class Members all  gratuity payments; (3) failing to properly compensate Plaintiff and Class Members paid on a piece rate basis for rest and recovery periods and other nonproductive time, and failing to provide them a wage statement in compliance with Labor Code § 226.2; (4) failing to compensate Plaintiff and Class Members for all hours worked; (5) failing to pay Plaintiff and Class Members minimum wage for all hours worked; (6) failing to pay Plaintiff and Class Members all overtime and/or double time wages owed; (7) failing to make available, authorize and/or permit Plaintiff and Class Members to take timely and compliant meal and/or rest periods to which they are entitled by law and failing to make premium payments for those non-compliant meal and rest periods; (8) failing to reimburse Plaintiff and Class Members for all necessary expenditures incurred in direct consequence of the discharge of their duties; and (9) failing to provide Plaintiff and Class Members accurate, itemized wage statements.

3.     Plaintiff seeks damages, penalties, and interest to the full extent permitted by the California Labor Code and Industrial Welfare Commission ("IWC") Wage Orders, as well as other relief requested herein. Plaintiff also seeks injunctive relief to remedy the sweeping practices Defendants integrated into their gratuity systems, time tracking policies, and payroll policies, that have deprived Plaintiff, and Class Members of their lawfully earned wages.

## **SUBJECT MATTER JURISDICTION AND VENUE**

4.     This Court has original federal jurisdiction under 28 U.S.C. § 1332. Plaintiff seeks damages in an amount that exceeds $75,000.00 and the matter in controversy is between citizens of different States. This Court has supplemental jurisdiction over Plaintiff's California state law claims under 28 U.S.C. § 1367(a) because they are so related to this action that they form part of the same

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Flores. v. Point Pickup Technologies, Inc., et al.*

1  case or controversy.

2      5.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b). Plaintiff was

3  employed in this District and the claims asserted arose in this District. At all material times Defendants

4  have been actively conducting business in the State of California and within the geographic area

5  encompassing the Eastern District of the State of California.

6                                                       **PARTIES**

7      6.     Plaintiff Jean Flores is an individual over the age of eighteen, and at all times relevant

8  to this Complaint was a resident of the State of California, County of Fresno.  Plaintiff has been

9  employed as a delivery provider by Defendants in Sanger, California and Dinuba, California since

10  approximately August 2020.

11      7.     Plaintiff is informed, believes, and thereon alleges that Defendant Point Pickup

12  Technologies is a Delaware corporation with its principal place of business in Stamford, Connecticut.

13  Point Pickup Technologies does business in the State of California. Point Pickup Technologies may

14  be served with process by serving its registered agent, Intertrust Corporate Services Delaware LTD.,

15  200 Bellevue Parkway, Suite 210, Wilmington, Delaware 19809.

16      8.     Plaintiff is informed, believes, and thereon alleges that Defendant Point Pickup

17  Enterprises is a Delaware corporation with its principal place of business in Greenwich, Connecticut.

18  Point Pickup Enterprises does business in the State of California.  Point Pickup Enterprises may be

19  served with process by serving its registered agent, Intertrust Corporate Services Delaware LTD., 200

20  Bellevue Parkway, Suite 210, Wilmington, Delaware 19809.

21      9.     Upon information and belief, Defendant Point Pickup Technologies is the corporate

22  parent of Defendant Point Pickup Enterprise.

23      10.     Plaintiff is informed, believes, and thereon alleges that Defendants are third-party

24  providers of delivery services in the Unites States, including in California. Defendants have a network

25  of approximately 250,000 Delivery Providers in the Unites States.  Plaintiff is informed, believes, and

26  thereon alleges that Defendants employ Class Members, among other piece rate employees,

27  throughout the United States, including in California.

28      11.     Plaintiff is informed, believes, and thereon alleges that Defendants jointly exercise

control over Plaintiff and Class Members with respect to their employment.

12.    At all material times, Defendants have done business under the laws of California, have places of business in the State of California, including in this judicial district, and have employed Class Members in this judicial district. Defendants are "person(s)" as defined in Cal. Lab. Code § 18 and Cal. Bus. & Prof. Code § 17201. Defendants are also "employers" as that term is used in the California Labor Code and the IWC Wage Orders.

13.    Defendants employ Plaintiff and Class Members, because Defendants, directly or indirectly, control the employment terms, pay practices, timekeeping practices, and daily work of Plaintiff and Class Members.

## **FACTUAL ALLEGATIONS**

14.    Defendants are third-party providers of delivery services in the United States, including in California. Defendants have a network of approximately 250,000 Delivery Providers nationwide. Defendants employ thousands of Delivery Providers and other piece rate non-exempt workers similarly situated to Plaintiff in California.

15.    Plaintiff works for Defendants as a Delivery Provider in Sanger, California and Dinuba, California. Plaintiff has worked as a Delivery Provider since August 2020 to the present. Plaintiff's duties include, without limitations, picking up delivery orders from Defendants' business partners and delivering those orders to Defendants' patrons. On average, Plaintiff works fourteen (14) hours per shift, seven (7) days per week. Plaintiff works approximately ninety-eight (98) or more hours per week.

16.    Plaintiff is informed, believes, and thereon alleges that Defendants employ, and have employed, thousands of hourly, non-exempt workers similarly situated to Plaintiff in California, including but not limited to Delivery Providers and other employees with similar job duties.

17.    Plaintiff is informed, believes, and based thereon, alleges that Class Members are employed by Defendants in a similar manner throughout California, including in this judicial district, and perform work materially similar to Plaintiff.

18.    Class Members perform their jobs under Defendants' supervision using materials and technology approved and supplied by Defendants.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Flores. v. Point Pickup Technologies, Inc., et al.*

1  19. Class Members are required to follow and abide by Defendants' common work, time,

2  and pay policies and procedures in the performance of their jobs.

3  20. At the end of each pay period, Class Members receive wages from Defendants that are

4  determined by common systems and methods that Defendants select and control.

5  21. Defendants pay Class Members, including Plaintiff, a piece rate for each delivery.

6  22. Plaintiff is informed, believes, and thereon alleges that Defendants' policies and

7  practices have at all relevant times been similar for Plaintiff and Class Members, regardless of location

8  in California.

9  23. Plaintiff worked more than eight (8) hours in a day and forty (40) hours in a week on

10  at least one workweek during the three years before this Complaint was filed.[1]

11  24. Upon information and belief, Class Members worked more than 8 hours per day and

12  more than 40 hours in at least one workweek during the four years before this Complaint was filed.

13  25. Defendants hire and misclassify Plaintiff and Class Members as independent

14  contractors instead of employees. Defendants exercise substantial control over Plaintiff and Class

15  Members such that Plaintiff and Class Members have little to no discretion with regard to how and

16  when their work is performed and are required to strictly adhere to Defendants' internal policies and

17  procedures.

18  26. The work performed by Plaintiff and Class Members is not outside the usual course of

19  Defendants' business. To the contrary, Plaintiff and Class Members perform work that is central and

20  essential to Defendants' business, *i.e.*, picking up delivery orders from Defendants' business partners

21  and delivering those orders to Defendants' patrons.

22  27. Defendants' willful misclassification of Plaintiff and Class Members as independent

23  contractor gives rise to substantial violations of the California Labor Code, *e.g.*, Cal. Lab. Code §

24  226.8.

25  28. Until approximately September 2021, Plaintiff was compensated on a piece rate basis,

26  that varied between $9.65 and $12.50 per delivery. Starting in approximately October 2021, Plaintiff's

27

28  [1] On average, Plaintiff works fourteen (14) hours per shift, seven (7) days per week. Plaintiff works approximately ninety-eight (98) hours per week.

piece rate was reduced to $7.96 per delivery. In addition, Plaintiff receives approximately $15.00 or more in gratuities per delivery. Plaintiff's gratuities represent approximately fifty percent, or more, of her income.

29. Defendant's patrons reasonably believe that the gratuities they leave for the delivery providers is to be remitted to the delivery staff. It is customary in the delivery service industry that patrons pay a gratuity in the range of 15% to 20% of the delivery bill. Additionally, California law requires that gratuities be provided to the worker performing the service without deduction. Defendants' website also states in the section for Delivery Providers to sign up that "You keep all your tips*".[2] Thus, because of the way these gratuity payments are depicted to patrons, and the custom in the delivery service industry that gratuities are paid for delivery service, patrons pay these charges reasonably believing they were to be remitted to the delivery staff as gratuities.

30. However, since approximately October 2021, Defendants refuse to remit the proceeds of these gratuity charges to Plaintiff and Class Members. Instead, Defendants have implemented a policy and/or practice of retaining for themselves the all or parts of those gratuity charges and/or using those gratuity charges to offset the regular pay of Plaintiff and Class Members. As a result, Plaintiff and Class Members do not receive the total proceeds of the gratuities to which they are entitled under California law.

31. Plaintiff is informed, believes, and thereon alleges that all Class Members throughout California are subject to the same gratuity system and practices.

32. Further, as piece rate workers, Plaintiff and Class Members are denied compensation for rest and recovery periods and other non-productive time. Each delivery entails receiving the order placed by one of Defendants' patron via Defendant's online platform, accepting the order, picking up the order at Defendants' business partners location, and delivering the order to Defendants' patron. While each delivery varies in time, on average Plaintiff spends between 30 minutes to one hour per delivery. As a matter of course, Defendants do not separately compensate Plaintiff and Class Members for any work performed beyond transporting orders from Defendants' business partners location to

---

[2] See https://drive.pointpickup.com/start-driving-now/. No explanation is provided for the asterisk in the statement.

Defendants' patrons. This includes, but is not limited to, taking rest and recovery breaks, experiencing delivery delays that are beyond Plaintiff and Class Members control, and performing work not incidental to the piece rate, such as waiting for orders to be ready for pick up, attending trainings, monitoring orders via Defendants' online platform and/or completing administrative tasks. This time spent working in addition to delivering orders goes unrecorded and uncompensated, *i.e.*, Defendants require Plaintiff and Class Members to perform this work while "off-the-clock".

33. As a result of these policies and/or practices, Plaintiff and Class Members are denied compensation for all hours worked, including minimum wages, overtime and/or double time, which they are lawfully owed.

34. Plaintiff is informed, believes, and thereon alleges that Defendants' policies and practices of not recording as "hours worked" rest and recovery periods and other non-productive time apply to all Class Members throughout California.

35. As a matter of policy and/or practice, Defendants also fail to authorize, permit and/or make available compliant meal periods to Plaintiff and Class Members. Plaintiff and Class Members are routinely denied meal breaks for three reasons: (1) Defendants misclassify Plaintiff and Class Members as independent contractors that are not entitled to meal and rest periods; (2) Defendants do not authorize, permit, and/or make available timely meal breaks to Plaintiff and Class Members; and (3) Plaintiff and Class Members are often too busy with work during the day to have time to take bona fide meal breaks.

36. When Plaintiff and Class Members attempt a meal break, such is often interrupted and/or untimely, *i.e.*, Defendants do not provide Plaintiff and Class Members with duty-free, uninterrupted, and timely thirty-minute meal periods by the end of the fifth hour of work.

37. Further, Plaintiff and Class Members routinely work long shifts of ten hours or more, however, Defendant systematically deny Plaintiff and Class Members a duty-free, uninterrupted, and timely second meal break by the end of the tenth hour of work.

38. Despite these recurring violations, Plaintiff and Class Members are not provided with one (1) hour of premium pay for each day they do not receive a complaint meal break.

39. Similarly, Defendants regularly fail to make rest periods available to Plaintiff and Class

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Flores. v. Point Pickup Technologies, Inc., et al.*

Members. Defendants misclassify Plaintiff and Class Members as independent contractors and do not provide them with any rest periods. Additionally, Plaintiff and Class Members' schedules regularly prevent them from taking bona fide rest breaks throughout the day. When available, if ever, such are often untimely and/or interrupted, *i.e.*, Defendants do not provide Plaintiff and Class Members with duty-free, uninterrupted, and timely paid ten-minute rest periods by the end of the fourth hour of work, and again by the end of the eighth hour of work.

40.    Plaintiff and Class Members are also not provided with one (1) hour of premium pay for each day they do not receive a complaint rest break.

41.    Plaintiff is informed, believes, and thereon alleges that these meal and rest periods policies and practices apply to all Class Members throughout California.

42.    As a matter of practice, Defendants also deny Plaintiff and Class Members proper reimbursement for business expenditures. Plaintiff and Class Members are constantly required to use their personal vehicles and personal cell phones in the direct consequence of the discharge of their duties. Plaintiff and Class Members therefore incur business expenses for the benefit of Defendants, yet Defendants fail to reimburse Plaintiff and Class Members for such business expenditures.

43.    Plaintiff is informed, believes, and thereon alleges that Defendants' unlawful business expenditures policies and practices apply to all Class Members throughout California.

44.    Defendants' common course of wage-and-hour abuse results in routinely failing to maintain true and accurate records of the hours worked by Plaintiff and Class Members. As outlined above, Plaintiff and Class Members are unlawfully denied the gratuities that are paid to Delivery Providers by patrons, are not compensated for rest and recovery periods and other non-productive time, resulting in minimum wage, overtime and/or double time violations, and do not receive premium payments for missed, interrupted and/or untimely meal and/or rest periods.

45.    Defendants' failure to record all gratuity payments and all hours worked also results in a failure to provide Class Members, including Plaintiff, accurate itemized wage statements as required by California law. The wage statements Defendants provide are not accurate because they do not reflect all hours worked, the actual wages earned, including minimum wage, overtime and/or double time compensation, and all gratuity payments earned. Further, the wage statements are inaccurate

because they do not include premium pay for non-compliant meal periods and/or rest breaks in violation of California law.

46. Defendants have employed thousands of people similarly situated to Plaintiff during the four-year period prior to the filing of this Complaint.

47. Defendants' method of paying Plaintiff and Class Members was willful and was not based on a good faith and reasonable belief that their conduct complied with California law.

48. Defendants' conduct was willful, carried out in bad faith, and caused significant damages to non-exempt hourly employees in an amount to be determined at trial.

## **RULE 23 CLASS ACTION ALLEGATIONS**

49. Plaintiff brings causes of action as a class action on behalf of herself and all others similarly situated pursuant to Fed. Rule Civ. P. 23(a) and (b)(3). The California Class that Plaintiff seeks to represent is defined as follows:

> **All current and former non-exempt workers paid on a piece rate basis, including but not limited to Delivery Providers and other workers with similar job duties who worked for Defendants Point Pickup Technologies, Inc. and Point Pickup Enterprises, Inc., either individually or jointly, in California any time starting four years prior to the filing of this Complaint until resolution of this action.**

50. This action has been brought and may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

51. **Numerosity**: The potential Members of the class are so numerous that joinder of all the Members of the Class is impracticable. Plaintiff is informed and believes that the number of California Class Members exceeds 40. This volume makes bringing the claims of each individual member of the class before this Court impracticable. Likewise, joining each individual member of the California Class as a plaintiff in this action is impracticable. Furthermore, the identities of the California Class will be determined from Defendants' records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the California Class and Defendants.

52. **Commonality**: There are questions of law and fact common to Plaintiff and the California Class that predominate over any questions affecting only individual Members of the Class.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Flores. v. Point Pickup Technologies, Inc., et al.*

These common questions of law and fact include, but are not limited to:

    a.      Whether Defendants misclassified Class Members as independent contractors instead of employees;

    b.      Whether Defendants have a policy and/or practice of failing to remit the entirety of gratuity charges to Class Members;

    c.      Whether Defendants fail to pay Class Members for all hours worked, including at minimum wage and as overtime and/or double time compensation, in violation of the Labor Code and Wage Orders;

    d.      Whether Defendants fail to authorize and permit, make available, and/or provide Class Members with timely meal and/or rest periods to which they are entitled in violation of the Labor Code and Wage Orders;

    e.      Whether Defendants fail to reimburse Class Members for business expenditures incurred for the benefit of Defendants;

    f.      Whether Defendants fail to provide Class Members with timely, accurate itemized wage statements in violation of the Labor Code and Wage Orders;

    g.      Whether Defendants violate Business and Professions Code §§ 17200 *et seq.*, by:

        1.      Misclassifying Class Members as independent contractors instead of employees;

        2.      Failing to provide Class Members with all gratuities;

        3.      Failing to pay Class Members for all hours worked, including at minimum wage and as overtime and/or double time compensation;

        4.      Failing to authorize and permit, make available, and/or provide Class Members with timely meal and/or rest periods to which they are entitled;

        5.      Failing to reimburse Class Members for necessarily incurred business expenditures; and

        6.      Failing to provide Class Members with timely, accurate itemized wage statements; and

    h.      The proper formula for calculating restitution, damages and penalties owed to Plaintiff

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Flores. v. Point Pickup Technologies, Inc., et al.*

1    and the putative Class as alleged herein.

2        53.    **Typicality**:   Plaintiff's claims are typical of the claims of the putative Class.

3    Defendants' common course of conduct in violation of law as alleged herein caused Plaintiff and Class

4    Members to sustain the same or similar injuries and damages. Plaintiff's claims are thereby

5    representative of and co-extensive with the claims of the putative Class.

6        54.    **Adequacy of Representation**:  Plaintiff seeks relief for state law violations perpetrated

7    by Defendants. In that sense, Plaintiff does not have any conflicts of interest with other Class Members

8    and will prosecute the case vigorously on behalf of the putative Class. Counsel representing Plaintiff

9    is competent and experienced in litigating complex cases and large class actions, including wage and

10   hour cases. Plaintiff will fairly and adequately represent and protect the interests of the Class Members.

11       55.    **Superiority of Class Action**:  A class action is superior to other available means for

12   the fair and efficient adjudication of this controversy. Individual joinder of all proposed Class

13   Members is not practicable, and questions of law and fact common to the Class predominate over any

14   questions affecting only individual Members of the Class. Each proposed Class member has been

15   damaged and is entitled to recovery by reason of Defendants' illegal policies and/or practices. Class

16   action treatment will allow those similarly situated persons to litigate their claims in the manner that

17   is most efficient and economical for the parties and the judicial system.

18       56.    In the alternative, the putative Class may be certified because the prosecution of

19   separate actions by the individual Members of the putative Class would create a risk of inconsistent

20   or varying adjudication with respect to individual Members of the putative Class which would

21   establish incompatible standards of conduct for Defendants.

22       57.    If each individual Class Member were required to file an individual lawsuit, Defendants

23   would necessarily gain an unconscionable advantage because Defendants would be able to exploit and

24   overwhelm the limited resources of each member of the putative Class with Defendants' vastly

25   superior financial legal resources.

26       58.    Requiring each individual Class Member to pursue an individual remedy would also

27   discourage the assertion of lawful claims by the Class Members who would be disinclined to pursue

28   these claims against Defendants because of an appreciable and justifiable fear of retaliation and

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Flores. v. Point Pickup Technologies, Inc., et al.*

permanent damage to their lives, careers and well-being.

**FIRST CAUSE OF ACTION**

**Violation of Cal. Bus. & Prof. Code §§ 17200,** *et seq.*

**Willful Misclassification**

**Pursuant to Cal. Lab. Code § 226.8**

**(On Behalf of the Class)**

59.     Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

60.     Defendants' conduct, as set forth above, in misclassifying Plaintiff and Class Members as independent contractors instead of employees constitutes a violation of Cal. Lab. Code § 226.8.

61.     This violation is enforceable pursuant to the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*.

62.     The violations of Cal. Lab. Code § 226.8, as well as of the fundamental California public policies protecting wages, serve as unlawful predicate acts and practices for purposes of Cal. Bus. & Prof. Code §§ 17200 *et seq*.

63.     The acts and practices described above constitute unfair, unlawful, and fraudulent business practices, and unfair competition, within the meaning of Cal. Bus. & Prof. Code §§ 17200, *et seq*. Among other things, the acts and practices have taken from Plaintiff and the Class wages rightfully earned by them, while enabling Defendants to gain an unfair competitive advantage over law-abiding employers and competitors.

64.     Cal. Bus. & Prof. Code § 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition. Injunctive relief is necessary and appropriate to prevent Defendants from repeating the unlawful, unfair, and fraudulent business acts and practices alleged above.

65.     As a direct and proximate result of the aforementioned acts and practices, Plaintiff and the Class Members have suffered a loss of money and property, in the form of unpaid wages, which are due and payable to them.

66.     Cal. Bus. & Prof. Code § 17203 provides that the Court may restore to any person in

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Flores. v. Point Pickup Technologies, Inc., et al.*

1 interest any money or property which may have been acquired by means of such unfair competition.

2 Plaintiff and the putative Class are entitled to restitution pursuant to Cal. Bus. & Prof. Code § 17203

3 for all wages and/or payments unlawfully withheld from employees during the four-year period prior

4 to the filing of this Complaint.

5 67.　Plaintiff's success in this action will enforce important rights affecting the public

6 interest and, in that regard, Plaintiff sues on behalf of herself as well as others similarly situated.

7 Plaintiff and Class Members seek and are entitled to restitution of wages and/or payments retained by

8 Defendants, declaratory and injunctive relief, and all other equitable remedies owing to them.

9 68.　Plaintiff herein takes upon herself enforcement of these laws and lawful claims. There

10 is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right,

11 and it would be against the interests of justice to penalize Plaintiff by forcing her to pay attorneys'

12 fees from the recovery in this action. Attorneys' fees are appropriate pursuant to Cal. Code Civ. Proc.

13 §1021.5 and otherwise.

14 69.　Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

15 ## SECOND CAUSE OF ACTION

16 **Violation of California Bus. & Prof. Code §§ 17200, *et seq.***

17 **Failure to Pay All Gratuity Owed**

18 **Pursuant to Cal. Lab. Code § 351**

19 **(On Behalf of the Class)**

20 70.　Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth

21 herein.

22 71.　Defendants' conduct, as set forth above, in failing to remit to Delivery Providers the

23 total proceeds of gratuities added to patrons' bills without offset, constitutes a violation of Cal. Lab.

24 Code § 351.

25 72.　This violation is enforceable pursuant to the California Unfair Competition Law, Cal.

26 Bus. & Prof. Code § 17200, *et seq*.

27 73.　The violations of Cal. Lab. Code § 351, as well as of the fundamental California public

28 policies protecting wages, serve as unlawful predicate acts and practices for purposes of Cal. Bus. &

Prof. Code §§ 17200, *et seq*.

74. The acts and practices described above constitute unfair, unlawful, and fraudulent business practices, and unfair competition, within the meaning of Cal. Bus. & Prof. Code §§ 17200, *et seq*. Among other things, the acts and practices have taken from Plaintiff and the Class wages rightfully earned by them, while enabling Defendants to gain an unfair competitive advantage over law-abiding employers and competitors.

75. Cal. Bus. & Prof. Code § 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition. Injunctive relief is necessary and appropriate to prevent Defendants from repeating the unlawful, unfair, and fraudulent business acts and practices alleged above.

76. As a direct and proximate result of the aforementioned acts and practices, Plaintiff and the Class Members have suffered a loss of money and property, in the form of unpaid wages and/or gratuities which are due and payable to them.

77. Cal. Bus. & Prof. Code § 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition. Plaintiff and the putative Class are entitled to restitution pursuant to Cal. Bus. & Prof. § 17203 for all wages, gratuities and/or payments unlawfully withheld from employees during the four-year period prior to the filing of this Complaint.

78. Plaintiff's success in this action will enforce important rights affecting the public interest and, in that regard, Plaintiff sues on behalf of herself as well as others similarly situated. Plaintiff and Class Members seek and are entitled to restitution of gratuity payments retained by Defendants, declaratory and injunctive relief, and all other equitable remedies owing to them.

79. Plaintiff herein takes upon herself enforcement of these laws and lawful claims. There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiff by forcing her to pay attorneys' fees from the recovery in this action. Attorneys' fees are appropriate pursuant to Cal. Code Civ. Proc. §1021.5 and otherwise.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

*Flores. v. Point Pickup Technologies, Inc., et al.*

## THIRD CAUSE OF ACTION

### Intentional Interference with Advantageous Relations

### (On Behalf of the Class)

80. Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

81. Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

82. An economic relationship was created between Defendants' patrons and Plaintiff and Class Members at the time the patrons received their delivery order which Plaintiff or Class Members picked up and delivered. At that time, Plaintiff and Class Members served Defendants' patrons under the established custom and practice in the delivery service industry that they would receive a gratuity at the end of the relationship that correlated to the level of service provided.

83. Defendants are aware of the relationship between its patrons and Plaintiff and the Class Members because Defendants' website explicitly states in the section for Delivery Providers to sign up that "You keep all your tips*"[3]

84. Pursuant to the established custom and practice, Defendants' patrons left gratuities for Plaintiff and the Class Members. Defendants interfered with economic relationship between Class Members and Defendants' patrons by wrongfully retaining for themselves the entirety of those gratuity charges and/or using those gratuity charges to offset the Class Members' regular pay.

85. Defendants' retention of gratuities that their patrons left for Plaintiff and Class Members disrupts the economic relationship between Defendants' patrons and Plaintiff and Class Members. Defendants' intended to, and/or knew that, by doing so they would disrupt the economic relationship between Defendants' patrons and Plaintiff and the Class Members in that their conduct would prevent Plaintiff and Class Members to receive the entirety of the gratuities they earned for their work.

86. As a direct and proximate result of Defendants' interference, Plaintiff and Class Members suffered harm in that they did not receive the full value of the gratuities left to them by

---

[3] See https://drive.pointpickup.com/start-driving-now/. No explanation is provided for the asterisk in the statement.

1   Defendants' patrons.

2        87.     Plaintiff and Class Members seek restitution, compensatory relief, and equitable relief.

3        88.     Pursuant to Cal. Code Civ. Proc. § 1021.5, Plaintiff and Class Members are also entitled

4   to recover reasonable attorneys' fees, costs, and expenses incurred in bringing this action.

5        89.     Wherefore, Plaintiff and the Class request relief as hereinafter provided.

6                **FOURTH CAUSE OF ACTION**

7                       **Conversion**

8               **(On Behalf of the Class)**

9        90.     Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth

10   herein.

11        91.     Defendants' conduct in failing to remit the total proceeds of gratuities added to patrons'

12   delivery bills to Class Members constitutes conversion under California law.

13        92.     Plaintiff and Class Members had a right of possession to the gratuities paid by patrons,

14   who intended upon reasonable belief that the gratuities would be remitted in total to Plaintiff and Class

15   Members as tip payments pursuant to the known custom in the delivery service industry that "gratuity"

16   are meant as tip payments to the delivery workers, Defendants' own representations that Plaintiff and

17   Class Members retain all their tips, and patrons' reasonable expectation that Defendants would comply

18   with California laws regarding gratuities, including but not limited to Cal. Lab. Code § 351.

19        93.     Defendants intentionally and substantially interfered with Plaintiff and Class Members'

20   right of possession to the gratuities paid by patrons as tip payments, by taking possession of the entirety

21   of the gratuities that were meant to be remitted to Plaintiff and Class Members.

22        94.     Plaintiff and Class Members did not consent to such an interference and are directly

23   and proximately harmed as a result of Defendants' conduct in taking those gratuities.

24        95.     Plaintiff and Class Members seek restitution, compensatory relief, and equitable relief.

25        96.     Pursuant to Cal. Code Civ. Proc. § 1021.5, Plaintiff and Class Members are also entitled

26   to recover reasonable attorneys' fees, costs, and expenses incurred in bringing this action.

27        97.     Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

28

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Flores. v. Point Pickup Technologies, Inc., et al.*

**FIFTH CAUSE OF ACTION**

**Unjust Enrichment**

**(On Behalf of the Class)**

98.     Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

99.     Defendants' conduct as set forth above constitutes unjust enrichment under California state common law. Specifically, Defendants misappropriated funds that Defendants' patrons reasonably believed and intended to be gratuity payments to Plaintiff and Class Members. Defendants misappropriated these funds by deceitfully labelling the optional surcharge as a "gratuity" which reasonably leads patrons to believe such a "gratuity" would be remitted in total to the Delivery provider as a tip payment. Defendants then deducted all of the tip amount from Plaintiff and Class Members wages, thereby depriving them of the benefit of their relationship with patrons.

100.    Defendants were unjustly enriched by receipt of the monetary benefit from the "gratuity" charged to patrons at the expense of Plaintiff and Class Members, who were the original intended recipients of those "gratuities" according to the known custom in the delivery service industry.

101.    Defendants should therefore be required to disgorge all ill-gotten gains as a result of failing to remit the entirety of gratuity proceeds or offsetting wages with gratuity proceeds charged to Defendants' patrons to Plaintiff and Class Members.

102.    Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

**SIXTH CAUSE OF ACTION**

**Failure to Properly Compensate Piece Rate Workers for Rest and Recovery Periods, and Other Nonproductive Time; Failure to Provide Compliant Itemized Wage Statements for Rest and Recovery Periods and Other Nonproductive Time**

**Pursuant to Cal. Lab. Code § 226.2**

**(On behalf of the Class)**

103.    Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

104. Cal. Lab. Code § 226.2 provides:

This section shall apply for employees who are compensated on a piece-rate basis for any work performed during a pay period. This section shall not be construed to limit or alter minimum wage or overtime compensation requirements, or the obligation to compensate employees for all hours worked under any other statute or local ordinance. For the purposes of this section, "applicable minimum wage" means the highest of the federal, state, or local minimum wage that is applicable to the employment, and "other nonproductive time" means time under the employer's control, exclusive of rest and recovery periods, that is not directly related to the activity being compensated on a piece-rate basis.

105. Cal. Lab. Code § 226.2(a)(1)-(2) provides:

For employees compensated on a piece-rate basis during a pay period, the following shall apply for that pay period: (1) Employees shall be compensated for rest and recovery periods and other nonproductive time separate from any piece-rate compensation; (2) The itemized statement required by subdivision (a) of Section 226 shall, in addition to the other items specified in that subdivision, separately state the following, to which the provisions of Section 226 shall also be applicable: (A) The total hours of compensable rest and recovery periods, the rate of compensation, and the gross wages paid for those periods during the pay period; (B) Except for employers paying compensation for other nonproductive time in accordance with paragraph (7), the total hours of other nonproductive time, as determined under paragraph (5), the rate of compensation, and the gross wages paid for that time during the pay period.

106. Cal. Lab. Code § 226.2(a)(3)(A), (B) provides:

(3)(A) Employees shall be compensated for rest and recovery periods at a regular hourly rate that is no less than the higher of: (i) An average hourly rate determined by dividing the total compensation for the workweek, exclusive of compensation for rest and recovery periods and any premium compensation for overtime, by the total hours worked during the workweek, exclusive of rest and recovery periods. (ii) The applicable minimum wage.

(B) For employers who pay on a semimonthly basis, employees shall be compensated at least at the applicable minimum wage rate for the rest and recovery periods together with other wages for the payroll period during which the rest and recovery periods occurred. Any additional compensation required for those employees pursuant to clause (i) of subparagraph (A) is payable no later than the payday for the next regular payroll period.

107. Cal. Lab. Code § 226.2(a)(4)-(5), (7) provides:

(4) Employees shall be compensated for other nonproductive time at an hourly rate that is no less than the applicable minimum wage.

(5) The amount of other nonproductive time may be determined either through actual records or the employer's reasonable estimates, whether for a group of employees or for a particular employee, of other nonproductive time worked during the pay period.

(7) An employer who, in addition to paying any piece-rate compensation, pays an hourly rate of at least the applicable minimum wage for all hours worked, shall be deemed in compliance with paragraph (4).

108. Plaintiff seeks to recover actual damages, costs, and attorneys' fees under this section.

109.	Defendants fail to provide timely, accurate, itemized wage statements to Plaintiff and Class Members in accordance with Cal. Lab. Code § 226.2(a)(1)-(2) and the IWC Wage Orders. In particular, the wage statements Defendants provide to Class Members, including to Plaintiff, do not reflect the total hours, rate of compensation, or gross wages for either rest and recovery periods, or other nonproductive time. This is because, in part, Defendants do not count as "hours worked" the off-the-clock time Plaintiff and Class Members spend performing work activities  beyond completing deliveries.

110.	Further, Defendants fail to properly compensate Plaintiff and Class Members in accordance with Cal. Lab. Code Section 226.2(a)(1), (3)-(5), (7). In particular, Defendants fail to compensate Plaintiff's and Class Members' rest and recovery periods at the higher of either "(i) [a]n average hourly rate determined by dividing the total compensation for the workweek, exclusive of compensation for rest and recovery periods and any premium compensation for overtime, by the total hours worked during the workweek, exclusive of rest and recovery periods[;] or (ii) [t]he applicable minimum wage." Cal. Labor Code § 226.2(a) (3)(A). Defendant further fails to compensate Plaintiff's and Class Members' other nonproductive time at an hourly rate that is no less than the applicable minimum wage. Cal. Labor Code § 226.2(a)(4).

111.	Defendants' failure to comply with Cal. Lab. Code § 226.2 was and continues to be knowing and intentional. Although, as alleged herein, Defendants are aware that Plaintiff and Class Members perform off-the-clock work, allegedly took rest breaks, and perform other work during nonproductive time, Defendants systematically fail to include this time worked in Plaintiff's wage statements and fails to properly compensate Plaintiff and Class Members for all rest and recovery periods and other nonproductive time under Cal. Lab. Code § 226.2.

112.	Plaintiff and Class Members suffered injury as a result of Defendants' knowing and intentional failure to provide timely, accurate itemized wage statements to Plaintiff and Class Members in accordance with Cal. Lab. Code § 226.2. Plaintiff and Class Members have also suffered injury as a result of Defendants' knowing and intentional failure to provide proper compensation for rest and recovery periods and other nonproductive time in accordance with Cal. Lab. Code § 226.2. In particular, the injury stemming from Defendants' violations is evidenced by this live and active dispute

1  regarding unpaid wages, including, overtime pay, between the Parties. As a result of Defendants'

2  violations, Plaintiff and Class Members are required to undertake the difficult and costly task of

3  attempting to reconstruct Defendants' incomplete and inaccurate time and pay records to ensure that

4  they are paid for all hours worked as required by California law.

5     113.   Defendants are liable to Plaintiff and the putative Class alleged herein for the amounts

6  described above in addition to the civil penalties set forth below, with interest thereon. Furthermore,

7  Plaintiff and the California Class are entitled to an award of attorneys' fees and costs as set forth below.

8     114.   Wherefore, Plaintiff and the putative Class pray for relief as set forth below.

9  <u>**SEVENTH CAUSE OF ACTION**</u>

10  **Failure to Pay for All Hours Worked**

11  **Pursuant to Cal. Lab. Code §§ 204, 1194, 1198**

12  **(On Behalf of the Class)**

13     115.   Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth

14  herein.

15     116.   Cal. Lab. Code § 200(a) defines wages as "all amounts for labor performed by

16  employees of every description, whether the amount is fixed or ascertained by the standard of time,

17  task, piece, commission basis or other method of calculation."

18     117.   Cal. Lab. Code § 204 provides that employers must compensate employees for all hours

19  worked "twice during each calendar month, on days designated in advance by the employer as the

20  regular paydays."

21     118.   Cal. Lab. Code § 1194(a) provides as follows:

22  Notwithstanding any agreement to work for a lesser wage, any employee receiving less
    than the legal minimum wage or the legal overtime compensation applicable to the
23  employee is entitled to recover in a civil action the unpaid balance of the full amount
    of this minimum wage or overtime compensation, including interest thereon,
24  reasonable attorneys' fees, and costs of suit.

25     119.   Cal. Lab. Code § 1198 makes it unlawful for employers to employ employees under

26  conditions that violate the Wage Orders.

27     120.   IWC Wage Order 9-2001(2)(H) defines hours worked as "the time during which an

28  employee is subject to the control of an employer and includes all the time the employee is suffered

or permitted to work, whether or not required to do so."

121.    Defendants willfully engaged in and continue to engage in a policy and practice of not compensating Plaintiff and Class Members for all hours worked or spent in Defendants' control.

122.    Defendants do not compensate Plaintiff and Class Members for rest and recovery periods and other non-productive time. As alleged above, Defendants engaged and continue to engage in policies and practices of not separately compensating Plaintiff and Class Members for any work performed beyond completing deliveries.

123.    Defendants regularly require Plaintiff and Class Members to perform work activities in addition to completing deliveries while off-the-clock. For instance, Plaintiff and Class Members take rest and recovery breaks and/or experience delivery delays that are beyond their control and complete tasks not incidental to the piece rate, such as waiting for orders to be ready for pick up, attending trainings, monitoring orders via Defendants' online platform and/or completing administrative tasks. However, Defendants do not record as "hours worked" the off-the-clock time Plaintiff and Class Members spend performing work activities in addition to completing deliveries.

124.    As a result, Defendants fail to track Plaintiff and Class Members' actual hours worked, and consequently fail to pay Plaintiff and Class Members for all hours worked.

125.    Defendants require Plaintiff and Class Members to work off-the-clock without compensation. In other words, Plaintiff and Class Members are forced to perform work for the benefit of Defendants without compensation.

126.    In violation of California law, Defendants knowingly and willfully refuse to perform their obligations to provide Plaintiff and Class Members with compensation for all time worked. Defendants regularly fail to track the time Plaintiff and Class Members actually worked and fail to compensate them for all hours worked.

127.    Therefore, Defendants committed, and continue to commit, the acts alleged herein knowingly and willfully, and in conscious disregard of the Plaintiff and Class Members' rights. Plaintiff and Class Members are thus entitled to recover nominal, actual, and compensatory damages, plus interest, attorneys' fees, expenses, and costs of suit.

128.    As a proximate result of the aforementioned violations, Plaintiff and Class Members

1  have been damaged in an amount according to proof at time of trial.

2      129.    Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

3  **EIGHT CAUSE OF ACTION**

4  **Failure to Pay Minimum Wage for All Hours Worked**

5  **Pursuant to the Cal. Lab. Code §§ 1194, 1197 & 1198**

6  **(On Behalf of the Class)**

7      130.    Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth

8  herein.

9      131.    Cal. Lab. Code § 200(a) defines wages as "all amounts for labor performed by

10  employees of every description, whether the amount is fixed or ascertained by the standard of time,

11  task, piece, commission basis, or other method of calculation."

12      132.    Cal. Lab. Code § 1194(a) provides as follows:

13      Notwithstanding any agreement to work for a lesser wage, any employee receiving less
    than the legal minimum wage or the legal overtime compensation applicable to the
14      employee is entitled to recover in a civil action the unpaid balance of the full amount
    of this minimum wage or overtime compensation, including interest thereon,
15      reasonable attorneys' fees, and costs of suit.

16      133.    Cal. Lab. Code § 1198 makes it unlawful for employers to employ employees under

17  conditions that violate the Wage Orders.

18      134.    IWC Wage Order 9-2001(2)(H) defines hours worked as "the time during which an

19  employee is subject to the control of an employer and includes all the time the employee is suffered

20  or permitted to work, whether or not required to do so."

21      135.    During the applicable statutory period, California Labor Code §§ 1182.12 and 1197,

22  and the Minimum Wage Order were in full force and effect and required that Defendants hourly

23  employees receive the minimum wage for all hours worked at the rate of eleven dollars ($11.00) per

24  hour commencing on January 1, 2018, twelve dollars ($12.00) per hour commencing on January 1,

25  2019, thirteen dollars ($13.00) per hour commencing on January 1, 2020, fourteen dollars ($14.00)

26  per hour commencing January 1, 2021, and fifteen dollars ($15.00) per hour commencing January 1,

27  2022.

28      136.    Defendants have maintained policies and procedures which created a working

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Flores. v. Point Pickup Technologies, Inc., et al.*

environment where Plaintiff and Class Members are routinely compensated at a rate that is less than the statutory minimum wage.

137. Defendants do not compensate Plaintiff and Class Members at the minimum wage rate of pay for rest and recovery periods and other non-productive time. As alleged above, Defendants engaged and continue to engage in policies and practices of not separately compensating Plaintiff and Class Members for any work performed beyond completing deliveries.

138. Defendants regularly require Plaintiff and Class Members to perform work activities in addition to completing deliveries while off-the-clock. For instance, Plaintiff and Class Members take rest and recovery breaks and/or experience delivery delays that are beyond their control and complete tasks not incidental to the piece rate, such as waiting for orders to be ready for pick up, attending trainings, monitoring orders via Defendants' online platform and/or completing administrative tasks. However, Defendants do not record as "hours worked" the off-the-clock time Plaintiff and Class Members spend performing work activities in addition to completing deliveries.

139. As a result, Defendants fail to track Plaintiff and Class Members' actual hours worked, and consequently fail to pay Plaintiff and Class Members at the minimum wage rate for all hours worked.

140. In violation of California law, Defendants knowingly and willfully refuse to perform their obligations to pay minimum wage to Plaintiff and Class Members for all time worked.

141. Therefore, Defendants committed, and continue to commit the acts alleged herein knowingly and willfully, and in conscious disregard of Plaintiff's and Class Members' rights. Plaintiff and the putative Class are thus entitled to recover nominal, actual, and compensatory damages, plus interest, attorneys' fees, expenses, and costs of suit.

142. As a proximate result of the aforementioned violations, Plaintiff and the putative Class have been damaged in an amount according to proof at time of trial.

143. Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Flores. v. Point Pickup Technologies, Inc., et al.*

# NINTH CAUSE OF ACTION

## Failure to Pay Overtime Wages

## Pursuant to Cal. Lab. Code § 510

### (On Behalf of the Class)

144.    Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

145.    Defendants do not compensate Plaintiff and Class Members with appropriate overtime, including time and a half, as required by California law.

146.    Cal. Lab. Code § 510 provides as follows:

Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

147.    The IWC Wage Order 9-2001(3)(A)(1) states:

…employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than: . . . One and one-half (1 ½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and … [d]ouble the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

148.    Labor Code § 1194(a) provides as follows:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

149.    Cal. Lab. Code § 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece,

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Flores. v. Point Pickup Technologies, Inc., et al.*

commission basis or other method of calculation." All such wages are subject to California's overtime requirements, including those set forth above.

150. Defendants regularly do not compensate Plaintiff and Class Members at their overtime rate of pay for time worked in excess of eight (8) hours per day and forty (40) hours per week and/or at their double time rate of pay for hours worked in excess of twelve (12) hours per day. As alleged above, Defendants engaged and continue to engage in policies and practices of not separately compensating Plaintiff and Class Members for any work performed beyond completing deliveries, *i.e.*, Defendants do not compensate Plaintiff and Class Members for rest and recovery periods and other non-productive time.

151. Upon information and belief, because Defendants misclassify Plaintiff and Class members as independent contractors instead of employees, Defendants do not track the hours worked by Plaintiff and Class Members and, consequently, do not provide Plaintiff and Class Members with overtime and/or double time pay when applicable. Instead, Plaintiff and Class Members are only paid a piece rate strictly limited to compensate for time spent actively delivering patrons' orders.

152. As a result, Plaintiff and Class Members, who often work at least eight (8) hours a day and forty (40) hours a week do not receive overtime and/or double time compensation when applicable.

153. Plaintiff and Class Members have worked overtime and/or double time hours for Defendants without being paid overtime premiums in violation of the Labor Code, applicable IWC Wage Orders, and other applicable law.

154. Defendants knowingly and willfully refuse to perform their obligations to provide Plaintiff and the Class Members with premium wages for all overtime and/or double time work. On information and belief, Defendants have not paid any overtime and/or double time compensation to any Class member. As a proximate result of the aforementioned violations, Defendants have damaged Plaintiff and the Class Members in amounts to be determined according to proof at time of trial.

155. Defendants are liable to Plaintiff and the putative Class alleged herein for the unpaid overtime and civil penalties, with interest thereon. Furthermore, Plaintiff is entitled to an award of attorneys' fees and costs as set forth below.

156. Wherefore, Plaintiff and the Class request relief as hereinafter provided.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

*Flores. v. Point Pickup Technologies, Inc., et al.*

# TENTH CAUSE OF ACTION

### Failure to Authorize and Permit and/or Make Available Meal and/or Rest Periods

### Pursuant to Labor Code §§ 226.7 & 512

### (On Behalf of the Class)

157.    Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

158.    Defendants routinely fail to authorize, permit and/or make available compliant meal periods to Plaintiff and Class Members. Plaintiff's and Class Members' schedules regularly prevent them from taking compliant meal periods. Plaintiff and Class Members are routinely denied meal breaks for three reasons: (1) Defendants misclassify Class Members as independent contractors and therefore do not provide meal or rest periods; (2) Defendants do not authorize, permit, and/or make available timely meal and/or rest breaks to Plaintiff and Class Members; and (3) Plaintiff and Class Members are often too busy with work during the day to have time to take bona fide meal and/or rest breaks.

159.    When Plaintiff and Class Members attempt a meal break, such is often interrupted and/or untimely, *i.e.*, Defendants do not provide Plaintiff and Class Members with duty-free, uninterrupted, and timely thirty-minute meal periods by the end of the fifth hour of work.

160.    Further, Plaintiff and Class Members routinely work long shifts of ten hours or more, however, Defendant systematically deny Plaintiff and Class Members a duty-free, uninterrupted, and timely second meal break by the end of the tenth hour of work.

161.    Despite these recurring violations, Plaintiff and Class Members are not provided with one (1) hour of premium pay for each day they do not receive a complaint meal break.

162.    Similarly, Defendants regularly fail to make rest periods available to Plaintiff and Class Members. Plaintiff and Class Members' schedules regularly prevent them from taking *bona fide* rest breaks throughout the day. When available, if ever, such are often untimely and/or interrupted, i.e., Defendants do not provide Plaintiff and Class Members with duty-free, uninterrupted, and timely ten-minute rest periods by the end of the fourth hour of work, and again by the end of the eighth hour of work.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Flores. v. Point Pickup Technologies, Inc., et al.*

163.    Plaintiff and Class Members are also not provided with one (1) hour of premium pay for each day they do not receive a complaint rest break.

164.    Cal. Lab. Code § 226.7 and the applicable Wage Order require Defendants to authorize and permit meal and rest periods to its employees.  Cal. Lab. Code §§ 226.7 and 512 and the Wage Orders prohibit employers from employing an employee for more than five (5) hours without a meal period of not less than thirty minutes, and from employing an employee more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty minutes.

165.    Cal. Lab. Code § 226.7 and the applicable Wage Order also require employers to authorize and permit employees to take ten (10) minutes of net rest time per (4) four hours or major fraction thereof of work, and to pay employees their full wages during those rest periods. Unless the employee is relieved of all duty during the thirty-minute meal period, the employee is considered "on duty" and the meal period is counted as time worked under the applicable Wage Order.

166.    Under Cal. Lab. Code § 226.7(b) and the applicable Wage Order, an employer who fails to authorize, permit, and/or make available a required meal period must, as compensation, pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period was not authorized and permitted.  Similarly, an employer must pay an employee denied a required rest period one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period was not authorized and permitted and/or not made available.

167.    Despite these requirements, Defendants have often knowingly and willfully refused to perform their obligations to authorize and permit and/or make available to Plaintiff and Class Members the ability to take the meal and/or rest periods to which they are entitled.

168.    Defendants have also failed to pay Plaintiff and Class Members one hour of pay for each day an off-duty meal and/or rest period was denied. Defendants' conduct described herein violates Cal. Lab. Code § 226.7 and 512.  Therefore, pursuant to Labor Code § 226.7(b), Plaintiff and Class Members are entitled to compensation for the failure to authorize and permit and/or make available meal and rest periods, plus interest, attorneys' fees, expenses and costs of suit.

169.    As a proximate result of the aforementioned violations, Plaintiff and Class Members have been damaged in an amount according to proof at time of trial.

1    170.    Wherefore, Plaintiff and Class Members request relief as hereinafter provided.

2                        **ELEVENTH CAUSE OF ACTION**

3                  **Failure to Reimburse Business Expenditures**

4                     **Pursuant to Cal. Lab. Code § 2802**

5                          **(On Behalf of the Class)**

6    171.    Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth

7    herein.

8    172.    Defendants do not reimburse Plaintiff and Class Members for necessary business

9    expenditures.

10    173.    Cal. Lab. Code § 2802 provides, in relevant part:

11        An employer shall indemnify his or her employee for all necessary
          expenditures or losses incurred by the employee in direct consequence of the discharge
12        of his or her duties, or of his or her obedience to the directions of the employer, even
          though unlawful, unless the employee, at the time of obeying the directions, believed
13        them to be unlawful. … For the purposes of this section, the term "necessary
          expenditures or losses" shall include all reasonable costs, including, but not limited to,
14        attorney's fees incurred by the employee enforcing the rights granted by this section.

15    174.    Defendants constantly require Plaintiff and Class Members to use their personal

16    vehicles and personal cellphones in the performance of their job duties. Defendants, however, do not

17    reimburse Plaintiff and the Class Members for these business expenditures.

18    175.    Defendants are liable to Plaintiff and Class Members for the unreimbursed expenses

19    and civil penalties, with interest thereon. Furthermore, Plaintiff is entitled to an aware of attorneys'

20    fees and costs as set forth below.

21    176.    Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

22                        **TWELFTH CAUSE OF ACTION**

23              **Failure to Provide Accurate Itemized Wage Statements**

24                     **Pursuant to Cal. Lab. Code § 226**

25                          **(On Behalf of the Class)**

26    177.    Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth

27    herein.

28    178.    Defendants do not provide Plaintiff and Class Members with accurate itemized wage

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Flores. v. Point Pickup Technologies, Inc., et al.*

statements as required by California law.

179. Cal. Lab. Code § 226(a) provides:

An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing: (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee

180. IWC Wage Order 9-2001(7) establishes similar wage statement requirements.

181. Cal. Lab. Code § 226(e) provides:

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

182. Plaintiff seeks to recover actual damages, costs, and attorneys' fees under this section.

183. Defendants do not provide timely, accurate itemized wage statements to Plaintiff and Class Members in accordance with Cal. Lab. Code § 226(a) and the IWC Wage Orders. The wage statements Defendants provide their employees, including Plaintiff and Class Members, do not accurately reflect the hours worked, tip wages earned, actual gross wages earned, or actual net wages earned, including minimum wages, overtime, and/or double time compensation. In addition, Defendants' wage statements do not include premium pay for missed meal and rest period.

184. Defendants are liable to Plaintiff and the putative Class alleged herein for the amounts described above in addition to the civil penalties set forth below, with interest thereon. Furthermore, Plaintiff is entitled to an award of attorneys' fees and costs as set forth below, pursuant to Cal. Lab. Code § 226(e).

185. Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

# THIRTEENTH CAUSE OF ACTION

## Violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*

### (On Behalf of the Class)

186. Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

187. Cal. Bus. & Prof. Code § 17200, *et seq.*, prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business acts or practices.

188. Cal. Bus. & Prof. Code § 17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

189. Cal. Lab. Code § 90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

190. Beginning at an exact date unknown to Plaintiff, but at least since the date four years prior to the filing of this suit, Defendants have committed acts of unfair competition as defined by the UCL, by engaging in the unlawful, unfair, and fraudulent business acts and practices described in this Complaint, including, but not limited to:

    a. violations of Cal. Lab. Code § 1194 and IWC Wage Order 9-2001 pertaining to payment of wages, including minimum wage, for all hours worked;

    b. violations of Cal. Lab. Code § 510 and Wage Order 9-2001 pertaining to overtime and/or double time;

    c. violations of Cal. Lab. Code §§ 226.7, 512 and Wage Order 9-2001 pertaining to meal periods and rest breaks;

    d. violations of Cal. Lab. Code § 2802 pertaining to reimbursement of business expenditures; and

    e. violations of Cal. Lab. Code § 226 regarding accurate, timely itemized wage statements;

191. The violations of these laws and regulations, as well as of the fundamental California public policies protecting wages, serve as unlawful predicate acts and practices for purposes of Cal. Bus. & Prof. Code §§ 17200 *et seq*.

192. The acts and practices described above constitute unfair, unlawful, and fraudulent business practices, and unfair competition, within the meaning of Cal. Bus. & Prof. Code §§ 17200, *et seq*. Among other things, the acts and practices have taken from Plaintiff and the Class wages rightfully earned by them, while enabling Defendants to gain an unfair competitive advantage over law-abiding employers and competitors.

193. Cal. Bus. & Prof. Code § 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition. Injunctive relief is necessary and appropriate to prevent Defendants from repeating the unlawful, unfair, and fraudulent business acts and practices alleged above.

194. As a direct and proximate result of the aforementioned acts and practices, Plaintiff and the Class Members have suffered a loss of money and property, in the form of unpaid wages which are due and payable to them.

195. Cal. Bus. & Prof. Code § 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition. Plaintiff and the Class are entitled to restitution pursuant to Cal. Bus. & Prof. Code § 17203 for all wages and payments unlawfully withheld from employees during the four-year period prior to the filing of this Complaint. Plaintiff's success in this action will enforce important rights affecting the public interest and, in that regard, Plaintiff sues on behalf of herself as well as others similarly situated. Plaintiff and Class Members seek and are entitled to gratuity payments retained by Defendants, unpaid wages, declaratory and injunctive relief, and all other equitable remedies owing to them.

196. Plaintiff herein takes upon herself enforcement of these laws and lawful claims. There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiff by forcing her to pay attorneys' fees from the recovery in this action. Attorneys' fees are appropriate pursuant to Cal. Code Civ. Proc. §1021.5 and otherwise.

197. Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of the putative Class, requests the following relief:

1. Damages and restitution according to proof at trial for all unpaid gratuities, wages and other injuries, as provided by the Cal. Lab. Code, and Cal. Bus. & Prof. Code;

2. For a declaratory judgment that Defendants violated the Cal. Lab. Code, California law, and public policy as alleged herein;

3. For a declaratory judgment that Defendants violated Cal. Bus. & Prof. Code §§ 17200, *et seq*. as a result of the aforementioned violations of the Cal. Lab. Code;

4. For preliminary, permanent, and mandatory injunctive relief prohibiting Defendants, their officers, agents, and all those acting in concert with them from committing in the future those violations of law herein alleged;

5. For an order requiring Defendants to disgorge all profits and other ill-gotten gains resulting from their failure to remit the entirety of gratuities to non-managerial service employees;

6. For an equitable accounting to identify, locate, and restore to all current and former employees the gratuities and wages they are due, with interest thereon;

7. For an order awarding Plaintiff and the Class Members compensatory damages, including gratuities owed, lost wages, earnings, liquidated damages, and other employee benefits, restitution, recovery of all money/property, actual damages, and all other sums of money owed to Plaintiff and Class Members, together with interest on these amounts according to proof;

8. For an order awarding Plaintiff and Class Members civil penalties pursuant to the Cal. Lab. Code, and the laws of the State of California, with interest thereon;

9. For an order awarding reasonable attorneys' fees as provided by the Cal. Lab. Code, Cal. Code Civ. Proc. § 1021.5, the laws of the State of California, and/or other applicable law;

10. For all costs of suit;

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Flores. v. Point Pickup Technologies, Inc., et al.*

11.  For interest on any penalties awarded, as provided by applicable law;

12.  For injunctive relief requiring Defendants to correct their unlawful practices; and

13.  For such other and further relief as this Court deems just and proper.

Respectfully Submitted,

Date: February 15, 2022

Carolyn H. Cottrell
Ori Edelstein
Andrew D. Weaver
Philippe M. Gaudard
**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**

*Attorneys for Plaintiff,*
*on behalf of the putative Class*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff is entitled to a jury.

Respectfully Submitted,

Date: February 15, 2022

Carolyn H. Cottrell
Ori Edelstein
Andrew D. Weaver
Philippe M. Gaudard
**SCHNEIDER WALLACE
COTTRELL KONECKY LLP**

*Attorneys for Plaintiff,
on behalf of the putative Class*