Carolyn Hunt Cottrell (SBN 166977)
Ori Edelstein (SBN 268145)
Eugene Zinovyev (SBN 267245)
Andrew Weaver (SBN 318935)
Philippe M. Gaudard (SBN 331744)
**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100; Fax: (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
ezinovyev@schneiderwallace.com
aweaver@schneiderwallace.com
pgaudard@schneiderwallace.com

*Attorneys for Plaintiff,*
*on behalf of the putative Class*

*[Additional Counsel Listed Next Page]*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JEAN FLORES, on behalf of the Class and Class Members,<br><br>*Plaintiff,*<br><br>vs.<br><br>POINT PICKUP TECHNOLOGIES, INC., POINT PICKUP ENTERPRISES, INC.<br><br>*Defendants.* | Case No. 22-cv-00193-JLT-SKO<br><br>**JOINT STIPULATION TO DISMISS DEFENDANT POINT PICKUP ENTERPRISES WITHOUT PREJUDICE** |

1  Cary G. Palmer (SBN 186601)
   JACKSON LEWIS P.C.
2  400 Capitol Mall, Suite 1600
   Sacramento, California 95814
3  Telephone: (916) 341-0404
   Facsimile: (916) 341-0141
4  E-mail: Cary.Palmer@jacksonlewis.com

5
   Jamielee F. Martinez (SBN 303927)
6  JACKSON LEWIS P.C.
   333 West San Carlos St., Suite 1625
7  San Jose, California 95110
   Telephone: (408) 579-0404
8  Facsimile: (408) 454-0290
   E-mail: Jamie.Martinez@jacksonlewis.com
9

10 Attorney for Defendants
   POINT PICKUP TECHNOLOGIES, INC.
11 and POINT PICKUP ENTERPRISES, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure and consistent with *Pedrina v. Han Kuk Chun*, 987 F.2d 608, 609 (9th Cir. 1993), Plaintiff JEAN FLORES, on behalf of herself and Class members ("Plaintiff"), and Defendants POINT PICKUP TECHNOLOGIES, INC. and POINT PICKUP ENTERPRISES, INC., by and through their counsel of record herein, stipulate and agree to dismiss, without prejudice, POINT PICKUP ENTERPRISES, INC, from this action as follows:

**WHEREAS**, on February 15, 2022, Plaintiff filed a Class Action Complaint against Defendants alleging violations of the (1) Failure to Properly Compensate for Rest and Recover Periods; (2) failure to pay for all hours worked; (3) failure to pay minimum wage; (4) failure to pay overtime wages; (5) failure to pay all gratuities; (6) intentional interference with advantageous relations; (7) conversion; (8) unjust enrichment; (9) failure to authorize meal and rest periods; (10) failure to reimburse business expenditures; (11) failure to provide timely and accurate itemized wage statements; and (12) unlawful business practices;

**WHEREAS**, the Parties met and conferred regarding the propriety of Point Pickup Enterprises, Inc. as named defendants in this action with Defendant Point Pickup Enterprises objecting to this Court's personal jurisdiction on the basis that it has never done business nor had any employees in California;

**WHEREAS**, by entering into this Stipulation, Plaintiff does not in any way acknowledge the accuracy or truthfulness of Point Pickup Enterprises, Inc.'s objections or representations herein;

**WHEREAS**, by entering into this Stipulation, Point Pickup Enterprises, Inc. does not in any way acknowledge the accuracy or truthfulness of Plaintiff's representations as alleged herein or in the Complaint and maintains its objection to the Court's jurisdiction over the company;

**WHEREAS**, in light of Defendants' representations Plaintiff has agreed to dismiss Point Pickup Enterprises, Inc. from this action, without prejudice;

**WHEREAS**, Point Pickup Enterprises, Inc. are not providing direct or indirect consideration for their dismissal;

**WHEREAS**, the Parties seek to dismiss only Point Pickup Enterprises, Inc. from this action, without prejudice;

1  **WHEREAS**, if Plaintiff determines through discovery that dismissed Defendant Point Pickup Enterprises, Inc. should be made a party to this case, Plaintiff may file a motion to amend the complaint;

4  **WHEREAS**, if Plaintiff successfully moves to add dismissed Point Pickup Enterprises, Inc. as a party to this case, Point Pickup Enterprises, Inc. agrees that the claims of Plaintiff and any non-exempt hourly employees of Point Pick up Enterprises shall relate back to the filing of the original complaint in this case and be deemed filed as of the original filing date;

8  **WHEREAS**, Point Pickup Enterprises, Inc. and Plaintiff agree that each shall bear their own fees and costs.

10  **NOW, THEREFORE**, the parties, by and through their undersigned counsel of record, hereby stipulate and agree to the following:

12  1.  Point Pickup Enterprises, Inc. shall be dismissed from this action, without prejudice, subject to the terms and conditions contained in this Stipulation.

**IT IS SO STIPULATED.**

Respectfully Submitted,

Date: April 21, 2022

*/s/ Eugene Zinovyev*
Carolyn H. Cottrell
Ori Edelstein
Eugene Zinovyev
Andrew D. Weaver
Philippe M. Gaudard
**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**

*Attorneys for Plaintiff,*
*on behalf of the putative Class*

| | | |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | Dated: April 21, 2022 | JACKSON LEWIS P.C. |

By: */s/ Cary G. Palmer*
    (as authorized on April 20, 2022, L.R. 131(e))
    Cary G. Palmer
    Jamielee F. Martinez
    *Attorneys for Defendants,*
    *POINT PICKUP TECHNOLOGIES, INC. and*
    *POINT PICKUP ENTERPRISES, INC.*

**<u>ORDER</u>**

Pursuant to the Parties' Joint Stipulation to Dismiss Point Pickup Enterprises, Inc. Without Prejudice, and for good cause shown, Defendant Point Pickup Enterprises, Inc. is hereby **DISMISSED WITHOUT PREJUDICE** from the above-entitled action. The case shall remain open.

IT IS SO ORDERED.

Dated:   **April 21, 2022**                                              /s/ Jennifer L. Thurston
                                                                                        UNITED STATES DISTRICT JUDGE