# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN FLORES, on behalf of the Class and Class Members,<br><br>Plaintiff,<br><br>v.<br><br>POINT PICKUP TECHNOLOGIES, INC.,<br><br>Defendant.<br>_____/ | Case No. 1:22-cv-00193-JLT-SKO<br><br>**ORDER VACATING HEARING AND DENYING WITHOUT PREJUDICE MOTION TO WITHDRAW AS ATTORNEYS FOR DEFENDANT**<br><br>(Doc. 30) |

## I. INTRODUCTION

On April 9, 2024, Cary G. Palmer and Jimmy Macias of the law firm Jackson Lewis P.C. ("Attorneys Palmer and Macias"), attorneys for Defendant Point Pickup Technologies, Inc. ("Defendant"), filed the instant motion to withdraw. (Doc. 30.) Pursuant to E.D. Cal. Local Rule 230(c), any opposition to the motion by Plaintiff Jean Flores ("Plaintiff") or Defendant was due by April 23, 2024. Neither Plaintiff nor Defendant filed a response. (*See* Docket.) The matter is therefore deemed unopposed. *See* E.D. Cal. L.R. 230(c).

After having reviewed the motion and supporting material, the matter is deemed suitable for decision without oral argument pursuant to E.D. Cal. Local Rule 230(g), and the hearing set for May 15, 2024, will be vacated.

For the reasons set forth below, Attorneys Palmer and Macias' motion to withdraw as attorneys for Defendant will be denied, without prejudice to being renewed to correct the deficiencies identified in this order.

## II.   BACKGROUND

On February 15, 2022, Plaintiff filed this putative class action lawsuit alleging various California labor law violations against Defendant[1] arising out of her working relationship with Defendant as a "Pickup Partner." (Doc. 1.) The crux of Plaintiff's complaint centers on Defendant misclassifying her and other class members as independent contractors instead of employees. (*Id.* at ¶ 2; *see also id.* at ¶¶ 25, 27, 35, 39, 52(a), (g), 60, 151, 158.)

The instant motion to withdraw as attorneys for Defendant states that Attorneys Palmer and Macias "are unable to effectively represent" Defendant because it is "engaged in an assignment by creditor proceeding in Florida," and that Attorneys Palmer and Macias "are no longer able to communicate with the company" and "do not have any access to the information necessary to proceed in this case." (Doc. 30 at 2.) The motion further states that Attorneys Palmer and Macias "attempted to obtain a contact at the company and [a] responsive person referred us to the assignee['`]s counsel, which is Gregory V. Demo from Pachulski Stang Ziehl & Jones LLP; Tel: 212.561.7730; Cell: 312.662.3573; Fax: 212.561.7777; and Email: GDemo@pszjlaw.com." (*Id.*)

## III.   DISCUSSION

### A.   Legal Standard

Contrary to Attorneys Palmer and Macias' motion,[2] permissive withdrawal as attorney of record in this Court is governed by Local Rule 182 of the Local Rules of the United States District Court for the Eastern District of California ("Local Rules") and Rule 1.16 of the Rules of Professional Conduct of the State Bar of California ("Rules of Professional Conduct"). Local Rule 182(d) provides as follows:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those

---

[1] On April 20, 2022, Plaintiff voluntarily dismissed Defendant Point Pickup Enterprises, Inc. without prejudice in this action pursuant to Federal Rule of Civil Procedure 41(a)(1). (Docs. 13, 14.)

[2] Attorneys Palmer and Macias' motion cites the Local Rules of another court and the previous rules of the California Rules of Professional Conduct, which have been changed and re-numbered effective November 1, 2018.

Rules. The authority and duty of the attorney shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

E.D. Cal. L.R. 182(d).

Rule of Professional Conduct 1.16(b)(4) provides that an attorney may request permission to withdraw if "the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively." Before an attorney can withdraw for any reason, however, Rule of Professional Conduct 1.16(d) requires the attorney take "reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other [attorney(s)], and complying with paragraph (e)."[3]

The decision to grant or deny a motion to withdraw is within the court's discretion. *McNally v. Eye Dog Found. for the Blind, Inc.*, No. 1:09-cv-01184-AWI-SKO, 2011 WL 1087117, at *1 (E.D. Cal. Mar. 24, 2011) (citation omitted). District courts in this circuit have considered several factors when evaluating a motion to withdraw, including the reason for withdrawal, prejudice to the client, prejudice to the other litigants, harm to the administration of justice, and possible delay. *See Deal v. Countrywide Home Loans*, No. C 09-01643 SBA, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010); *CE Res., Inc. v. Magellan Group, LLC*, No. 2:08-cv-02999-MCE-KJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009); *Beard v. Shuttermart of Cal., Inc.*, No. 07CV594WQH (NLS), 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008).

**B.   Analysis**

The Court does not have sufficient information to determine whether Attorneys Palmer and Macias' withdrawal from representation of Defendant is appropriate. First, the motion is not accompanied by an affidavit, as required by Local Rule 182(d). Next, as set forth above, Rule of Professional Conduct 1.16(b)(4) provides that an attorney may request permission to withdraw if "the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively." The present motion asserts that Attorneys Palmer and Macias "are unable to effectively represent" because they are "are no longer able to communicate with the company" due to its involvement in an "assignment by creditor proceeding in Florida," but it does

---
[3] Paragraph (e) of Rule 1.16 pertains to returning property and funds to clients.

3

not specify the attempts made to communicate with Defendant (or its assignee), either to continue the representation or to notify it of its intent to withdraw. (*See* Doc. 30 at 2.) In fact, the motion indicates that Attorneys Palmer and Macias are in possession of the contact information for the assignee's counsel, but it does not specify whether they made any attempt to contact them. (*See id*.)

Absent a more specific explanation, <u>set forth in an affidavit</u>, regarding their inability to communicate with Defendant (or its assignee) or their efforts to comply with Local Rule 182(d) and Rules of Professional Conduct 1.16(d) and (e), the Court cannot determine whether Attorneys Palmer and Macias have taken reasonable steps to avoid reasonably foreseeable prejudice to Defendant's rights, including allowing sufficient time for Defendant (or its assignee) to retain substitute counsel. These factors are significant, as Defendant, a corporation, cannot proceed in this litigation without counsel.[4] *See Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); *In re Highley*, 459 F.2d 554, 555 (9th Cir.1972) ("A corporation can appear in a court proceeding only through an attorney at law.").

## IV.    CONCLUSION AND ORDER

Based on the foregoing, it IS HEREBY ORDERED that Attorneys Palmer and Macias's motion to withdraw as attorneys of record for Defendant Point Pickup Technologies, Inc. (Doc. 30) is DENIED without prejudice. The hearing set for May 15, 2024, is VACATED.

If Attorneys Palmer and Macias renew their motion to withdraw from representing Defendant, the renewed motion must be accompanied by an affidavit that, without disclosing privileged communications, informs the Court their attempts to communicate with Defendant (or its

---

[4] According to the notice previously filed with the Court, an assignee for the benefit of the creditors of Defendant filed a petition in the Miami-Dade County Circuit Court on February 23, 2024, pursuant to the provisions of Chapter 727 of the Florida Statutes. (*See* Doc. 29.) An assignment for the benefit of creditors ("ABC") functions as "a state-law alternative to bankruptcy" that provides a "simpler and cheaper process" for liquidating assets. *Ullrich v. Welt*, 810 F.3d 781, 789 (11th Cir. 2015) (interpreting Florida's ABC statute). An ABC "[does] not limit the ability of third parties to assert their contractual right[s] . . . during the [ABC's] liquidation process." *Akin Bay Co., LLC v. Von Kahle*, 180 So. 3d 1180, 1182-83 (Fla. Dist. Ct. App. 2015); *see also Mason Tenders Dist. Council Welfare Fund v. Logic Constr. Corp.*, 7 F. Supp. 2d 351, 357 n.36 ("An assignment for the benefit of creditors is distinguishable from a federal bankruptcy in that the debtor-assignor remains liable ...."). "Indeed, Florida's ABC act protects assets from execution; it does not protect the assigning party from judgment." *Pac. Surv. Grp., LLC v. Tyche High Seas Cap. Corp.*, No. C21-1712JLR, 2023 WL 5152661, at *5 (W.D. Wash. Aug. 10, 2023) (citing *Moffatt & Nichol, Inc. v. B.E.A. Int'l Corp.*, 48 So. 3d 896, 899 (Fla. Dist. Ct. App. 2010)).

assignee) and explains their efforts to comply with Local Rule 182(d) and Rules of Professional Conduct 1.16(d) and (e).

IT IS SO ORDERED.

Dated: __**April 26, 2024**__     /s/ *Sheila K. Oberto*
                                    UNITED STATES MAGISTRATE JUDGE